# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Terrance Gardner and Cori Gardner, | ) | Civil File No. _____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | (JURY TRIAL DEMANDED) |
| Brillion Iron Works, Inc. | ) | |
| a Wisconsin corporation | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiffs as and for their complaint against the Defendant, Brillion Iron Works, Inc., hereby respectfully allege upon information and belief as follows:

1. They are United States citizens and residents of the State of Minnesota, with a principal residence at Evansville, Minnesota.

2. Upon information and belief, the Defendant Brillion Iron Works, Inc., is a Delaware Corporation with a principal place of business located in Brillion, Wisconsin.

3. The United States District Court for the District of Minnesota has personal jurisdiction over the Defendant because the Defendant transacts business in the State of Minnesota, and is registered as such with the Office of the Minnesota Secretary of State.

4. The United States District Court for the District of Minnesota has subject matter jurisdiction over this matter because there is complete diversity of citizenship between the Plaintiffs and the Defendant.

5. This case is properly assigned to the Sixth Division, because the occurrence and

injury complained of herein took place at Elbow Lake, Grant County, Minnesota, and the implement in question was initially sold at the Brillion dealer in Elbow Lake, Minnesota.

## FACTS

6. Plaintiffs own and work at Amerifab Industries in Elbow Lake, Minnesota.

7. In September, 2011, a customer brought a farm implement described as a digger or cultivator, manufactured by the Defendant Brillion Iron Works, Inc., to plaintiff Terrance Gardner at Amerifab Industries for repairs.

8. The frame of the Brillion implement at issue includes completely sealed 4" x 4" metal squared tubes, filled with a ballast material to add weight which aids in ground penetration and to provide cutting pressure for the machine, or otherwise filled with material.

9. On October 17, 2011 Plaintiff Terrance Gardner was drilling a hole in the frame of the said implement in preparation for doing some welding in order to repair cracked and broken frame members.

10. While drilling, there was an explosion or jet of flame emitted from the apparatus and Plaintiff Terrance Gardner was severely burned on his arms, neck and face.

## FIRST CAUSE OF ACTION: PRODUCTS LIABILITY

11. The said implement designed and manufactured by the Defendant was defectively designed and manufactured in that it is and was unsafe for use as a farm implement because the Defendant knew, or should have known, that a user of its product would be likely to add a slow moving sign or other vehicular identification symbol on the back of the product, or make repairs which necessitated cutting or making holes in the sealed tubes. Defendant further knew, or should have known, that users of the product would include mechanics and repair shops doing repairs as well as individual owners doing their own repairs.

12. The Defendant knew or should have known that with the sealed tube frame containing a ballast material awash in a chemical substance, drilling into the frame would create a dangerous condition.

13. The said implement was defective when it left the control of the Defendant.

14. At the time of the injury, Plaintiff Terrance Gardner was using the product in a fashion for which the product was intended or for which Defendant could have reasonably expected the product to be used.

15. The implement was intended to and did reach Plaintiff Terrance Gardner without any modification to the main frame.

16. Plaintiff Terrance Gardner, by the exercise of reasonable care, could not have detected or discovered the defect.

17. The defect caused the injuries to Plaintiff Terrance Gardner.

18. As a result of such injuries, Plaintiff Terrance Gardner incurred loss and damage to his body including past and future pain, suffering, disfigurement, and disability; past and future lost earnings; and past and future medical expense, all to his damage in an amount exceeding $75,000.

## SECOND CAUSE OF ACTION:  FAILURE TO WARN

19. Defendant owed a duty of care to all users of the product, including Plaintiff Terrance Gardner, to provide adequate warnings and instructions for its products.

20. Defendant breached its duty to Plaintiff Terrance Gardner by failing to reasonably and adequately warn any and all users of the product of the danger of drilling into the sealed frame.

21. Plaintiff Terrance Gardner, with the exercise of reasonable care, could not have perceived the danger of drilling into the implement.

22. As a direct and proximate result of Defendant's failure to warn Plaintiff, Plaintiff

Terrance Gardner incurred loss and damage to his body including past and future pain, suffering, disfigurement, and disability; past and future lost earnings; and past and future medical expense, all to his damage in an amount exceeding $75,000.

### THIRD CAUSE OF ACTION: BREACH OF WARRANTY

23. Plaintiff hereby realleges and affirms the allegations set forth above, as if more fully set forth herein.

24. As part of defendant's sale of this implement, an implied term was that the implement would be fit for the ordinary purposes for which a farm implement is used.

25. These purposes included making repairs as needed by owners and mechanics.

26. Ordinary repairs could not be safely made on this implement.

27. Plaintiff Terrance Gardner relied upon implied warranties that the said implement was of merchantable quality in that it conformed to ordinary standards of care and was of an average grade, quality and value of similar products, and among other things, that it could be repaired in the normal fashion for such implements.

28. These warranties were breached by the Defendant, in that the implement could not be repaired in the normal fashion for such implements, and as a result Plaintiff Terrance Gardner incurred loss and damage to his body including past and future pain, suffering, disfigurement, and disability; past and future lost earnings; and past and future medical expense, all to his damage in an amount exceeding $75,000.

### FOURTH CAUSE OF ACTION: NEGLIGENCE

29. Plaintiff hereby realleges and reaffirms the allegations set forth above, as if more fully set forth herein.

30. Defendant was negligent in the design, testing, inspection, manufacture, distribution,

labeling, sale and promotion of the said implement. Specifically, among other things, the implement should not have been designed and manufactured so as to allow the buildup of explosive gasses under pressure within a sealed area of the implement, with no provision for a safe means of repairing the implement from time to time, as is necessary with farm implements.

31. The injuries sustained by the Plaintiff were solely the result of the negligence of the Defendant, and Plaintiff in no way contributed thereto.

32. As a result of the negligence of the Defendant, Plaintiff Terrance Gardner incurred loss and damage to his body including past and future pain, suffering, disfigurement, and disability; past and future lost earnings; and past and future medical expense, all to his damage in an amount exceeding $75,000.

### FIFTH CAUSE OF ACTION: POST-SALE DUTY TO WARN

33. Plaintiff hereby realleges and reaffirms the allegations set forth above, as if more fully set forth herein.

34. Defendant had a continuing post-sale duty to instruct and to warn of the danger which caused plaintiff's injuries herein, so that users of the said implement, including plaintiff, would be apprised of safety hazards, even if such hazards at an earlier time would not have been fully appreciated.

35. Prior to the occurrence of Plaintiff's injury, and for ten years or more prior, Defendant knew that the said implement contained highly dangerous and explosive gasses within its sealed frame, and that attempts to breach the frame, such as by drilling, usually resulted in serious injury.

36. Defendant breached its post-sale duty to instruct and warn by failing to reasonable instruct and warn users of the product, including plaintiff.

37. As a result of the Defendant's failure, Plaintiff Terrance Gardner incurred loss and damage to his body including past and future pain, suffering, disfigurement, and disability; past and future lost earnings; and past and future medical expense, all to his damage in an amount exceeding $75,000

## SIXTH CAUSE OF ACTION:  LOSS OF CONSORTIUM

38. Plaintiff Cori Gardner hereby realleges and reaffirms the allegations set forth above, as if more fully set forth herein.

39. Plaintiff Cori Gardner, at the time of the said injury to Terrance Gardner and thereafter, is the wife of Terrance Gardner.

40. As a result of said injuries to Plaintiff Terrance Gardner, and the acts of Defendant as described above, Plaintiff Cori Gardner lost and will in the future lose society, services, comfort guidance, consort, and companionship of her husband.

**Plaintiffs hereby demand a Jury Trial on all triable issues raised by this cause of action.**

WHEREFORE, Plaintiffs respectfully demands of this Court judgment against Defendant as follows:

a. Judgment in favor of plaintiffs, and each of them, and against defendant in an amount greater than $75,000.

b. Plaintiffs' costs, disbursements, and pre- and post-judgment interest herein.

c. Any other relief which the Court deems just and proper.

PEMBERTON, SORLIE, RUFER & KERSHNER, P.L.L.P.

Dated:  December 5, 2011   By:  s/Stephen F. Rufer
Stephen F. Rufer, No. 94286
110 North Mill Street
Fergus Falls, Minnesota 56537
Telephone:  218-736-5493; Facsimile:  218-736-3950
Email:  s.rufer@pemlaw.com
**ATTORNEYS FOR PLAINTIFFS**